[Cite as *State v. Finklea*, 2024-Ohio-5096.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,          :

                         No. 113566

v.                                         :

ROGER FINKLEA,                             :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 24, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-677575-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Connor Davin and Brian Callahan, Assistant Prosecuting Attorneys, *for appellee*.

John B. Gibbons, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Roger Finklea, argues on appeal that the trial court erred when it failed to remove a juror whom he alleges committed misconduct. After a careful review of the facts and the law, we affirm.

{¶ 2} Finklea was charged in a seven-count indictment stemming from the death of Lee Jordan, Jr. Finklea was charged with two counts of aggravated murder, in violation of R.C. 2903.01(A) and (B); one count of murder, in violation of R.C. 2903.02(B); two counts of felonious assault, in violation of R.C. 2903.11(A)(1) and (2); one count of aggravated burglary, in violation of R.C. 2911.11(A); and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2). The aggravated murder, murder, felonious assault, and aggravated burglary counts contained one- and three-year firearm specifications. Finklea elected to have the having weapons while under disability count tried to the bench. The remaining counts were decided by a jury.

{¶ 3} The trial began on November 29, 2023; the facts of the case as presented at trial are impertinent to this appeal. The jury convicted Finklea of all counts and specifications, and the trial court convicted him of having weapons while under disability. The court sentenced Finklea to 31 years to life in prison.

{¶ 4} On November 30, 2023, after the jury was selected and impaneled but before opening arguments, Juror No. 2 brought to the court's attention a concern about a statement he alleged another juror had made. The court brought Juror No. 2 out in open court, but outside the presence of other jurors, for questioning.

According to Juror No. 2, he overheard a female juror state that she had already made up her mind as to the verdict she would return and the statement was in the presence of three other jurors, all females. Juror No. 2 could not identify the juror by name but stated that she, the alleged statement-maker, had been selected to be a juror and was a White, middle-aged woman with shorter hair. As to the other jurors, Juror No. 2 thought they may have overheard the comment; Juror No. 2 was able to describe one of the jurors, stated that a second person was no longer in the jury pool, and he could not remember whom the third juror was.

{¶ 5} The court inquired whether the unidentified juror's comment affected his ability to remain impartial, and Juror No. 2 stated that he was not affected "at all." Juror No. 2 further commented that maybe the alleged statement-maker was "just saying [that, but] . . . [s]he really doesn't mean it after she sees the evidence." The State asked Juror No. 2 what the response was to the juror's statement that she already had made up her mind. Juror No. 2 stated that nobody responded and reiterated that the comment did not affect his ability to be fair and impartial. Defense counsel asked where this group of jurors were standing when the comment was made and if Juror No. 2 recalled the substance of the conversation that preceded the comment. Juror No. 2 responded that the group was in the hallway and the comment was made in response to conversation about whether certain people wanted to be selected as jurors on the case. According to Juror No. 2, the alleged statement-maker had said that she hoped she was not picked to be a juror.

{¶ 6} After the parties and the court attempted to deduce who all was involved, the court called Juror No. 14 in for questioning, again on the record and outside the presence of any other jurors. Juror No. 14 denied that she had heard any statements from another juror about her mind being already made up and that she herself did not make such a statement. After continued conversation with the court, Juror No. 14 stated that if any statement was made, it was made by someone who had been excused from the jury: "Well, the person that was excused was a talker, so I was not in the conversation, but I might have heard — if I heard it, it was because it was someone who is a talker, just talking." Juror No. 14 said that if any comment was made by someone, she did not think the person was being serious.

{¶ 7} The court called Juror No. 19 in for questioning, on the record and outside the presence of any other jurors. Juror No. 19 stated she did not make a comment to that effect and the only comments she had made were made in open court. Juror No. 19 stated that the case was causing her stress and she would not mind if another juror replaced her. She also stated that she could remain fair and impartial.

{¶ 8} The court called Juror No. 20 in for questioning, on the record and outside the presence of any other jurors. Juror No. 20 also did not recall hearing any comment being made in her presence about a juror having pre-decided Finklea's guilt or innocence. Juror No. 20 stated she could remain fair and impartial.

{¶ 9} Defense counsel requested Juror No. 2 undergo further questioning. The court said that it would bring Juror No. 2 back to see if he could now identify

the alleged statement-maker. Upon questioning, Juror No. 2 stated that the juror who had made the comment was one of the jurors the court had just spoke with and described her as the woman with shorter-graying hair, "probably the oldest" juror, and reiterated he heard this juror comment that she had already made her mind up.

{¶ 10} Defense counsel made a request "for that particular juror" to be removed and replaced with an alternative. Defense counsel did not identify the juror he wanted removed by name or number. The court denied the motion. Defense counsel then motioned for a mistrial, which the court denied. The court identified the alleged statement-maker as Juror No. 19 and told the parties: "She denies having made the statement. She reiterated [that] her comments . . . were made in open court during voir dire, which obviously satisfied at least the defense's concerns at that point in time. In other words, you could have exercised a peremptory challenge on her, so I'm denying your motion." The parties proceeded with trial.

{¶ 11} On Monday December 4, 2023, in the middle of trial, the trial court excused Juror No. 19 because she had had a death in the family. The case proceeded with an alternate juror. Juror No. 19 did not deliberate in the case.

{¶ 12} Finklea's sole assignment of error states: "The trial court abused its discretion and committed prejudicial error by [f]ailing to remove a juror from the pa[n]el, who had expressed an opinion about defendant-appellant's guilt [to] other pa[n]el members and by failing to grant a mistrial."

{¶ 13} The decision to grant or deny a motion for mistrial lies within the sound discretion of the trial court. *State v. Wallace*, 2021-Ohio-4612, ¶ 19

(8th Dist.), citing *State v. Miller*, 2014-Ohio-3907 (8th Dist.). This court will not disturb that "exercise of discretion absent a showing that the accused has suffered material prejudice." *Wallace* at *id.*, citing *Miller*. A mistrial is only warranted when "the ends of justice so require and a fair trial is no longer possible." *Wallace* at *id.*, citing *Miller*.

{¶ 14} In *Wallace*, this court explained that when the basis for a mistrial is juror misconduct, this court must determine "(1) whether misconduct actually occurred and (2) whether the misconduct materially prejudiced the defendant's substantial rights." *Id.* at ¶ 20, quoting *Elsner v. Birchall*, 2018-Ohio-2521, ¶ 12 (8th Dist.).

{¶ 15} Here, the trial court undertook measures to determine whether the alleged misconduct materially affected Finklea's substantial rights by questioning the involved jurors. Juror No. 2, who stated he overhead another juror comment that she had already made up her mind regarding Finklea's guilt or innocence, insisted he could remain fair and impartial. The other jurors questioned, whom the parties and the court agreed were the only jurors that could have been involved in the incident, denied that they themselves made or overheard the inappropriate comment. Juror No. 14 stated that any inappropriate comment she heard was made by a prospective juror who was a "talker" and who had been excused during the voir dire process.

{¶ 16} After questioning the jurors, the court inferred that it was Juror No. 19 whom Juror No. 2 alleged commented on Finklea's guilt or innocence, but again

neither Juror No. 19 nor any of the other jurors questioned attributed the comments to themselves.

{¶ 17} The trial court is in the best position to determine the nature of alleged jury misconduct and the appropriate remedies for demonstrated misconduct. *Wallace* at ¶ 26, citing *State v. Hickman*, 2015-Ohio-4668 (9th Dist.). Here, the court found no misconduct. Even if the alleged statement was made, Finklea has failed to show that the misconduct materially prejudiced his substantial rights. The questioned jurors all indicated they remained impartial. Moreover, Juror No. 19, whom the court inferred (and defense counsel agreed) was the alleged statement-maker, was excused during trial, replaced with an alternate juror, and did not take part in jury deliberations.

{¶ 18} Based on these facts, we cannot say that the trial court abused its discretion when it did not remove Juror No. 19, who did not deliberate in the case, from the jury or when it denied Finklea's motion for a mistrial.

{¶ 19} The sole assignment of error is overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EMANUELLA D. GROVES, P.J., and
MARY J. BOYLE, J., CONCUR